```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

GMAC REAL ESTATE, LLC,             )
                                   )
                    Plaintiff,     )
                                   )
     v.                            )    No.  08 C 7424
                                   )
MIRABAL REEB PROPERTIES etc.,      )
et al.,                            )
                                   )
                    Defendants.    )
```

<u>MEMORANDUM ORDER</u>

For better or worse, James Mirabal ("Mirabal") has elected to represent himself in this lawsuit stemming from the termination of a real estate franchise agreement with GMAC Real Estate, LLC ("GMAC"). This Court's February 6, 2009 memorandum order ("Order") identified a number of respects in which Mirabal's then-filed "Objection to Venue: Motion To Transfer Venue and Original Answer of Defendants" did not comply with various substantive and procedural requirements. Now Mirabal has tendered a new filing bearing the same caption (except that "Defendants" has become "Defendant"), but that filing still leaves a few problems that need to be addressed--hence the issuance of this memorandum order.

First of all, on the issue of subject matter jurisdiction in diversity terms, a separate unsigned filing received from Mirabal has identified two individuals (himself and one other) and a corporation as the sole members of Mirabal Reeb & Associates, LLC. But instead of properly identifying the litigants'

respective <u>states</u> of citizenship, Mirabal has mistakenly specified their <u>countries</u> of citizenship. That makes no difference as to the two individual members, for he has spoken of their places of residence (which legally coincide with their states of citizenship). But as for members of Texas corporation Carso, Inc., the added factor relevant under 28 U.S.C. §1332(c)(1) is the unidentified location of its principal place of business. Mirabal will be expected to speak to that subject at the next scheduled status hearing on June 29.

Next, in purported response to the requirement set out in Order at 2 as to the need for presentment of Mirabal's motion to transfer, he has submitted this unintelligible "Notice of Presentment":

> The defendants Rule 12(b) motion to transfer venue shall be presented to the Hon. Milton T. Shadur, Senior United States District Judge, or to United States Magistrate Valdez as provided by local rule and or March 3, 2009, at 9:00 A.M., but not more than ten business days following the date of delivery of the motion to the court pursuant to LR 78.1.

As it turns out, that garbled notice can be ignored, because (as stated earlier) a status hearing has already been set for 8:45 a.m. on June 29. This Court will then expect GMAC's counsel to speak to that subject orally (it would seem that some such threshold treatment would be constructive).

In that respect this Court notes particularly that GMAC's lengthy Real Estate Franchise Agreement (a 27-page single spaced

2

document that was signed by the parties) includes a Paragraph 23 headed "Choice of Law and Forum; Arbitration; Waiver of Jury Trial; Time Limitation for Claims."  Despite the broad scope of that heading, the only designation of a forum in that paragraph is in its arbitration provision, while the paragraph's choice of law provision says that all disputes other than those regarding the validity of the arbitration agreement must look to Texas law to provide the substantive rules of decision.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 24, 2009